IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. SAG-16-0090/ Civil Case No. SAG-20-1742 |
| | * | |
| ALONZO PLENTY | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by defendant Alonzo Plenty. Plenty contends that his 2017 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms. This Court has reviewed Plenty's motion and the Government's opposition. ECF 32, 40. No reply has been filed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Plenty's Motion will be denied.

**I. FACTUAL BACKGROUND**

A grand jury returned an indictment against Plenty on March 10, 2016, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF 1. Before the September 3, 2015 recovery of the firearms with which he was charged, Plenty had sustained prior criminal felony convictions. ECF 40 at 1. In relevant part, he had received a sentence in May, 2015 of one year, one month, and seven days' incarceration for CDS distribution, and he had received a sentence of two years' incarceration for a similar offense in 2012. *Id.* at 8-9.

In response to his 2016 federal felony charge, Plenty entered into a plea agreement including an agreed statement of facts, which read in relevant part:

> Defendant Plenty has at least two felony convictions which prohibit him from possessing a firearm and ammunition. The crimes were punishable by a term of imprisonment exceeding one year, and his civil rights had not been restored.

ECF 40-1 at 9. Plenty received a sentence of 72 months in prison. ECF 24.

Several years later, in the *Rehaif* case, the Supreme Court ruled that in § 922(g) cases, the government has to prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," or, in other words, that he knew he had been convicted of a crime punishable by imprisonment of more than one year. *Rehaif*, 139 S. Ct. at 2200. On June 10, 2020, Plenty filed the instant motion to vacate judgment in his case pursuant to the *Rehaif* decision. This Court held all *Rehaif*-related habeas petitions, including Plenty's, in abeyance until the Supreme Court decided *Greer v. United States*, 141 S. Ct. 2090 (2021). With that Court's guidance, the petition is now ripe for disposition.

## II. APPLICABLE LEGAL STANDARDS

In *Greer*, the Supreme Court considered cases involving two defendants who had been convicted and sentenced prior to *Rehaif*. The Court explained that to prevail on plain-error review, each defendant had to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. If such an argument or representation is made, "the court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* The Court cogently summarized the difficulty most defendants will have in meeting that high bar:

> The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost

> upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty.

*Id.* at 2097 (internal quotation and citation omitted) (emphasis in original).

## III. ANALYSIS

Plenty did not file a direct appeal of his conviction, which became final no later than April 4, 2017. *See United States v. Wilson,* 256 F.3d 217, 221 (4th Cir. 2001); Fed. R. App. P. 4(b)(1)(A). He therefore had just one year from that 2017 date to file any § 2255 motion. 28 U.S.C. § 2255(f). The instant motion is therefore untimely because he did not file it until more than two years later, on June 10, 2020. ECF 32.

Even if the motion were not barred by limitations, Plenty's failure to raise his claim on direct appeal constitutes a procedural default barring presentation of his claim in a § 2255 petition, unless he can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Here, Plenty has done neither. He cannot show actual innocence because he stipulated to having a prior felony conviction in his guilty plea and because he had been sentenced, on two occasions, to more than one year in prison. It defies logic to suggest, then, that he was unaware that he had been convicted of a crime punishable by more than one year of imprisonment.

And he cannot demonstrate "cause and prejudice" either. "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). To the extent Plenty would argue novelty because *Rehaif* was not decided until 2019, his claim fails because "other defense counsel have perceived and litigated that claim," albeit unsuccessfully, years prior. *Engle v. Isaac*, 456 U.S. 107, 134 (1982) (noting that in such

3

circumstances where the claim has been raised previously by other attorneys, "the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default."); *United States v. Williams*, 588 F.2d 92, 92-93 (4th Cir. 1978) (rejecting *Rehaif*-type arguments more than 40 years ago). Even if Plenty were able to show cause, he cannot show prejudice, which is defined as an error that "worked to his actual and substantial disadvantage" and was "of constitutional dimension[ ]." *United States v. Frady*, 456 U.S. 152, 170 (1952) (emphasis omitted). In light of the ample evidence that Plenty knew of his prior felony convictions, he is unable to establish that the Court's failure to advise him that he needed to know he was a felon worked to his disadvantage at all. Therefore, to the extent Plenty ever had a viable *Rehaif* claim, it was procedurally defaulted.

Apart from this Court's findings on procedural default, however, Plenty's *Rehaif* claim would also fail on the merits in light of the Supreme Court's decision in *Greer*. For all the reasons explained above, the record conclusively demonstrates that Plenty knew of his prior felony convictions. He therefore cannot show any "'reasonable probability' that the outcome of the district court proceeding would have been different." *Greer*, 141 S. Ct. at 2100. Plenty's *Rehaif* Motion, ECF 32, will be denied by separate order.

## IV. CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Plenty has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim

debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.


DATE:  July 21, 2022                                      _____/s/_____
                                                                          Stephanie A. Gallagher
                                                                          United States District Judge